**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER KOWALSKY,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Securitized Trust Ameriquest Mortgage Securities Asset-Backed Pass-Through Certificates Series 2003-8; AMERIQUEST MORTGAGE COMPANY, as Servicer; and DOES 1 Through 10, Inclusive,<br><br>　　　　　Defendants. | Civil Action No.: 14-07856 (CCC)(JBC)<br><br>**OPINION** |

**CECCHI, District Judge.**

Before the Court are the Motions of Defendants Ameriquest Mortgage Company ("Ameriquest") and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, the "Defendants") to Dismiss all claims asserted against them in the Complaint filed by pro se Plaintiff Peter Kowalsky ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (ECF No. 5, 12). The Court decides the motions without oral argument pursuant to Rule 78.[1] Having considered the parties' submissions and for the reasons set forth below, the Court the grants both motions.

---

[1] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## I.   BACKGROUND

Plaintiff commenced this action by filing a Complaint asserting thirteen causes of action against Defendants. The Complaint alleges that Plaintiff obtained a residential mortgage loan (the "Mortgage") and note (the "Note") on July 17, 2003. (Compl. ¶ 23.) The Mortgage was secured by residential property owned by Plaintiff and his spouse (the "Property") on July 17, 2003.[2] The Complaint alleges that on August 8, 2003, Defendants "bundled" the Note into a group of notes and sold them to investors as a derivative "Mortgage Backed Security." (Compl. ¶ 27.) Plaintiff alleges that Defendants sold all of their interest in the Mortgage when they securitized the note.

According to documents submitted by Defendants, Ameriquest commenced a foreclosure action against Plaintiff in state court on October 12, 2004. (See ECF No. 5-4.) The publicly available docket for the U.S. Bankruptcy Court for the District of New Jersey indicates that Plaintiff filed for bankruptcy protection on December 1, 2004. See In re Kowalsky, 04-47746 (Bankr. D.N.J. Dec. 1, 2004). According to the Bankruptcy Court's docket, Ameriquest obtained relief from the bankruptcy stay and was allowed to proceed with the foreclosure action against Plaintiff. (See March 29, 2005 Order Granting Motion for Relief from Stay, ECF No. 8.) Plaintiff's bankruptcy was ultimately dismissed on April 18, 2005. (See Final Decree, ECF No. 10.) It also appears that Plaintiff filed a subsequent bankruptcy petition one month after the first bankruptcy proceeding was dismissed. See In re Kowalsky, 05-26653 (Bankr. D.N.J. May 18, 2005). Ameriquest also appears to have obtained relief from the bankruptcy stay in that action. (See February 8, 2007 Order Granting Motion for Relief from Stay, ECF No. 26.)

---

[2] The mortgage documents, submitted by Defendants, indicate that the Mortgage and Note were issued on June 30, 2003. Defendants agree that this discrepancy is not significant for the purposes of the present motions to dismiss.

Ameriquest acknowledges that as late as 2009, the Mortgage had been sold and assigned by Ameriqeust to CitiResidential Lending, Inc. (See Ameriquest's Br. in Supp. at 3.) Ameriquest also acknowledges that, on March 5, 2009, Plaintiff's Mortgage and Note were assigned to Deutsche Bank, as Trustee in trust for the benefit of the Certificate holders for Asset-Backed Pass-Through Certificates, Series 2003-8. On June 24, 2010, Ameriquest voluntarily dismissed the foreclosure action against Plaintiff. (See ECF No. 5-4.) The Complaint generally alleges that neither Ameriquest nor Deutsche Bank are the current owners or assignees of the Mortgage and Note, and that Defendants failed to perfect the chain of title between them. The Complaint also alleges that Ameriquest "deceptively" issued Plaintiff the Mortgage when it "knew or should have known that Plaintiff could not qualify for or afford [the Mortgage]." (Compl. ¶¶ 52-58.)

Plaintiff filed the Complaint in this Court on December 17, 2014. (ECF No. 1.) Plaintiff asserts claims against Defendants for a declaratory judgment [Count One], injunctive relief [Count Two], quiet title [Count Three], negligence [Count Four], accounting [Count Five], breach of the covenant of good faith and fair dealing [Count Six], breach of fiduciary duty [Count Seven], wrongful foreclosure [Count Eight], violation of the Real Estate Settlement Procedures Act ("RESPA") [Count Nine], violation of the Home Ownership Equity Protection Act ("HOEPA") [Count Ten], fraud in the concealment [Count Eleven], intentional infliction of emotional distress [Count Twelve], and slander of title [Count Twelve]. Defendants Ameriquest and Deutsche Bank separately filed motions to dismiss on February 27, 2015 and May 14, 2015, respectively. (ECF Nos. 5, 12.)

## II. LEGAL STANDARD

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

3

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When evaluating the sufficiency of a complaint, Courts are required to accept all well-pleaded allegations in the Complaint as true and to draw all reasonable inferences in favor of the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations and quotations omitted). Accordingly, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

Because Plaintiff is a *pro se* litigant, his filings are entitled to a liberal construction. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). This Court therefore has a special obligation to discern both the nature of the relief and the appropriate law to govern his request. Id.

### III. DISCUSSION

Plaintiff appears to stipulate to the dismissal of claims for injunctive relief [Count Two], accounting [Count Five], wrongful foreclosure [Count Eight], violation of RESPA [Count Nine], violation of HOEPA [Count Ten], and intentional infliction of emotional distress [Count Twelve]. (See Plaintiff's Br. in Opp. at 2, ECF No. 13 (section entitled "Causes of Action Plaintiff Shall Withdraw").) Both Defendants move to dismiss the remaining claims on multiple grounds, including statute of limitations, pleading standards under Rules 8 and 9(b), and legal deficiency. The Complaint makes certain allegations against both Defendants generally, even though it is clear from the specific dates alleged in the Complaint that each individual defendant became involved in the alleged underlying conduct several years apart. As explained in more detail below, the Court

discusses the dismissal of Plaintiff's claims for declaratory judgement [Count One], quiet title [Count Three], and breach of the fiduciary duty [Count Seven] against both Defendants concurrently. However, the Court dismisses Plaintiff's claims for negligence per se [Count Four], breach of the implied covenant of good faith and fair dealing [Count Six], fraud in the concealment [Count Eleven], and slander of title [Count Thirteen] against each Defendant on separate grounds.

**A.     Dismissal Of Claims Against Both Defendants**

### 1.     Plaintiff Has Not Shown An Actual Controversy Exists For His Declaratory Judgment Claim [Count One]

Plaintiff's claim for declaratory relief appears to be based on the allegations that both "Defendants . . . contend they may properly foreclose on the Subject Property." (Compl. ¶ 145.) Although Plaintiff requests this Court issue a number of findings related to the Mortgage and Note, he provides no allegations supporting his claim that Defendants contend they may foreclose. The Complaint does not allege, for example, that either Defendant is currently engaged in a foreclosure action against Plaintiff or has threatened to do so. To the extent Plaintiff references the 2004 foreclosure proceeding against him, it is a matter of public record that that proceeding was dismissed in 2010. See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.").

Under Article III of the United States Constitution, the federal courts are limited to entertaining actual cases or controversies. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The controversy requirement must be satisfied in all cases, including declaratory judgment actions. In re G-I Holdings, Inc., 318 B.R. 66, 74 (D.N.J. 2004) (citing Skelly Oil Co.. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)). The question in a declaratory judgment action is "whether the facts alleged, under all the circumstances, show that there is a substantial

controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). A case must be ripe to satisfy the controversy requirement. G-I Holdings, 318 B.R. at 74 (citing Thompson v. Borough of Munhall, 44 F. App'x 582, 583 (3d Cir. 2002)). Courts consider the following factors in determining whether a claim is ripe: (1) whether the parties are in a sufficiently adversarial posture to be able to present their positions vigorously; (2) whether the facts of the case are sufficiently developed to provide the court with enough information on which to decide the matter conclusively; and (3) whether a party is genuinely aggrieved so as to avoid expenditure of judicial resources on matters which have caused harm to no one. Id. at 76 (citing Peachlum v. City of York, Pennsylvania, 333 F.3d 429, 433-34 (3d Cir. 2003)).

This Court does not have jurisdiction to adjudicate Plaintiff's request for a declaratory judgment. Because Plaintiff has invoked federal jurisdiction, he bears the burden of establishing that the action satisfies Article III's controversy requirement. Id. at 74 (citing Renne v. Geary, 501 U.S. 312, 316 (1991)). The Complaint fails to allege that either Defendant is instituting or threatening to institute a foreclosure action on Plaintiff's property. Instead, Plaintiff is essentially asking this Court to rule in his favor such that Plaintiff could challenge a future foreclosure action that Defendants may or may not ever institute. Plaintiff effectively seeks an advisory opinion, which this Court lacks constitutional authority to do. See Massachusetts v. E.P.A., 549 U.S. 497, 516 (2007). Because Plaintiff has not pleaded any facts supporting his argument that Defendants intend to foreclose on the property, this claim lacks an antagonistic assertion of rights by one party against another. See New Jersey Hosp. Ass'n v. United States, 23 F. Supp. 2d 497, 503-04 (D.N.J. 1998) (citing Muskrat v. United States, 219 U.S. 346, 359 (1911)). Therefore, the Court dismisses

Plaintiff's claim for declaratory judgment [Count One] as to both Defendants.

### 2. Plaintiff Fails to State a Claim for Quiet Title [Count Three]

Plaintiff asserts his quiet title claim [Count Two] against both Defendants pursuant to New Jersey statute. See N.J.S.A. 2A:62-1. Under the New Jersey Court Rules, a quiet title claim must "state the manner in which plaintiff either acquired title or the right to possession." N.J. Ct. R. 4:62-1. Here, Plaintiff states that he obtained a mortgage loan (see Compl. ¶¶ 23-25) but provides no specific allegations as to how or when he repaid the debt secured by the Mortgage. At most, Plaintiff makes bald legal conclusions that any interest Defendants have in the Note and Mortgage is invalid. Courts in this district have consistently dismissed claims for quiet title where the plaintiff fails to state the manner in which he acquired title. See, e.g., Bey v. Johnson, No. 12-7190, 2012 WL 5989365, at *1 (D.N.J. Nov. 29, 2012); see also Boykin v. MERS/MERSCORP, Civ. No. 11-4856, 2012 WL 1964495, at *5 (D.N.J. May 31, 2012). The Court therefore dismisses Plaintiff's claim for quiet title [Count Three] against both Defendants.

### 3. Plaintiff Fails to State a Claim for Breach of Fiduciary Duty [Count Seven]

Plaintiff asserts a claim for breach of the fiduciary duty [Count Seven] against Defendants. However, the Complaint fails to set forth facts sufficient to infer that either Ameriquest or Deutsche Bank owed a fiduciary duty to Plaintiff. At most, the Complaint establishes that Plaintiff and Defendants share a debtor-creditor relationship by way of the Mortgage and Note. New Jersey Courts have repeatedly held that there is no presumed fiduciary relationship between a creditor and debtor, and these relationships "rarely are found to give rise to a fiduciary duty." Paradise Hotel Corp. v. Bank of Nova Scotia, 842 F.2d 47, 53 (3d Cir. 1988); see also United Jersey Bank v. Kensey, 306 N.J. Super. 540, 553, 704 A.2d 38, 44 (App. Div. 1997) ("there is no presumed fiduciary relationship between a bank and its customer"). Nothing in the Complaint alleges a

relationship that goes beyond that of a debtor (Plaintiff) and creditor (Defendants). See Patetta v. Wells Fargo Bank, NA, No. 09-2848, 2009 WL 2905450, at *8 (D.N.J. Sept. 10, 2009) (noting that the complaint lacked "exceptional facts" to overcome the heavy presumption that no fiduciary duty exists between mortgagor and mortgagee). Plaintiff's claim for breach of fiduciary duty [Count Seven] is therefore dismissed against both Defendants.

### B. Dismissal Of Claims Against Ameriquest

The remaining claims asserted against Ameriquest consist of negligence per se [Count Four], breach of the covenant of good faith and fair dealing [Count Six], fraud in the concealment [Count Eleven], and slander of title [Count Thirteen].[3] Ameriquest moves to dismiss all claims asserted against it under New Jersey's Entire Controversy Doctrine. Alternatively, Ameriquest argues that each claim is time barred under the applicable statute of limitations. For the reasons set forth below, the Court dismisses these claims as untimely.

#### 1. The Court Declines To Apply The Entire Controversy Doctrine To Dismiss Plaintiff's Claims Against Ameriquest

New Jersey's Entire Controversy Doctrine "promotes the policies of mandatory joinder and claim preclusion associated with the more widely known doctrine of res judicata." Accident Fund Ins. Co v. PML Holdings Group, LLC,. No. A-3436-08T1, 2009 WL 4724804, *5 (N.J. Super. App. Div. Dec. 11, 2009). The Entire Controversy Doctrine "is a preclusionary device, intended to prevent fractionalized litigation by requiring the assertion of all claims arising from a single controversy in one action." Id. at *6 (citing Prevratil v. Mohr, 145 N.J. 180, 190, 678 A.2d 243 (1996)). However, the Entire Controversy Doctrine is limited, in the foreclosure context, to those counterclaims deemed "germane" under N.J. Ct. R. 4:64-5 ("Only germane counterclaims

---

[3] This accounts for the claims Plaintiff voluntarily withdrew as well as the claims dismissed as to both defendants discussed above.

and cross-claims may be pleaded in foreclosure actions without leave of court.").

New Jersey courts are hesitant to apply the Entire Controversy Doctrine to pro se litigants in dispositive proceedings. See In re Mullarkey, 536 F.3d 215, 230 (3d Cir. 2008) (declining to apply Entire Controversy Doctrine to "germane" claims because plaintiff represented himself pro se before the district court). In Mullarkey, the Third Circuit reasoned that because the Entire Controversy Doctrine is equitable in nature, courts should apply a "heightened concern for pro se litigants, particularly in summary or non-traditional proceedings." Id. at 230. The New Jersey Superior Court has explained:

> It would obviously be counterproductive in the extreme were a preclusionary rule enforced in such a way as to penalize, without any concomitant benefit to the parties or to the system, a pro se litigant's participation in the small claims mediation process or other expedited processing mechanism. Such enforcement would convert the entire controversy doctrine from an equitable device into a trap for the unsuspecting. That is not its function.

Cafferata v. Peyser, 251 N.J. Super. 256, 597 A.2d 1101, 1104 (App. Div. 1991).

Ameriquest argues that this Court should dismiss all claims asserted against it because they are barred by New Jersey's Entire Controversy Doctrine. Ameriquest argues that Plaintiff's present claims were "germane" to the previous foreclosure proceedings and should have been raised then. Ameriquest further states that Plaintiff was represented by counsel in both Bankruptcy proceedings. (Ameriquest Br. in Supp. at 3.)

It is not clear from the parties' submissions whether Plaintiff was represented by counsel in the foreclosure proceedings in New Jersey Superior Court, where Ameriquest argues Plaintiff was required to bring the present claims. Because Plaintiff currently represents himself pro se, and in the interest of not converting an equitable principle "into a trap", the Court declines to exercise its discretion to apply the Entire Controversy Doctrine.

## 2. Plaintiff's Claims Against Ameriquest Are Barred By the Statute of Limitations

Ameriquest argues that Plaintiff's New Jersey state law claims for negligence [Count Four], breach of the covenant of good faith and fair dealing [Count Six], fraud in the concealment [Count Eleven], and slander of title [Count Thirteen] are barred by the applicable statute of limitations. (Compl. ¶¶ 142-264.) It is well-settled New Jersey law that a two (2) year statute of limitations applies to causes of action for negligence. N.J.S.A. § 2A:14-2(a); see also Rudderow v. Sullivan, No. A-5467-05T2, 2008 WL 2340218, at *2 (N.J. Super. App. Div. June 10, 2008). Claims for breach of the implied covenant of good faith and fair dealing must be brought within six (6) years. N.J.S.A. § 2A:14-1; see also Clark v. Prudential Insurance Co. of Am., No. 08-6197, 2009 WL 2959801, at *19 (D.N.J. Sept. 15, 2009). The six (6) year statute of limitations also applies to claims for common law fraud, see Rapid Models Prototype, Inc. v. Innovated Solutions, 71 F. Supp. 3d 492, 502 (D.N.J. 2014), as well as tortious injury to real property, including slander of title. N.J.S.A. § 2A:14-1.[4]

The Complaint does not clearly delineate between the actionable conduct of Ameriquest and Deutsche Bank. However, construing the Complaint liberally in light of Plaintiff's pro se status, it appears the alleged conduct by Ameriquest that gives rise to Plaintiff's claims occurred as follows:

- Plaintiff alleges that Ameriquest committed fraud and breached the covenant of

---

[4] Defendant Ameriquest argues that, under N.J.S.A § 2A:14-3, the applicable statute of limitations for slander of title is one year. However, the New Jersey Superior Court has stated that "the gist of [a slander of title] action is not for the type of personal damages usually flowing from a libel and slander action. Rather, it is for damages to plaintiff's business . . . ." Henry v. Vaccaro Constr. Co., 137 N.J. Super. 512, 518, 349 A.2d 570, 574, (Law Div. 1975). "[A]n action for malicious interference with one's business is not subject to [N.J.S.A. 2A:14-3], even though the interference consists of the publication of defamatory matter." Id. (internal citation omitted).

10

good faith and fair dealing when Ameriquest "illegally, deceptively, and/or otherwise unjustly, qualified Plaintiff for a loan which Ameriquest knew or should have known that Plaintiff could not qualify for or afford." (Compl. ¶ 52.) This allegation is directed towards the July 17, 2003 issuance of the Mortgage and Note. (Compl. ¶¶ 23-25.)

- Plaintiff's allegation of negligence arises out of Ameriquest's allegedly improper assignment of the Mortgage on August 8, 2003. (Compl. ¶¶ 27.)

- Plaintiff alleges that Ameriquest committed slander of title when it published the Notice of Default and the "document evidencing the commencement of judicial foreclosure." (Compl. ¶ 252.) It appears undisputed that Ameriquest instituted the mortgage foreclosure action on October 12, 2004.

- The only other date alleged in the Complaint is March 10, 2009, when Plaintiff alleges that an assignment of the Mortgage was made by non-party Citi Residential Lending, but does not allege that Ameriquest was involved in this assignment.[5] (Compl. ¶¶ 97-101.)

    a)  <u>Plaintiff's Claims Against Ameriquest Are Facially Time-Barred</u>

Looking only to the dates in the Complaint and matters of public record, the Court finds that Plaintiff's claims against Ameriquest for fraud, breach of the covenant of good faith and fair dealing, negligence, and slander of title are all facially barred by the applicable statute of limitations. Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome

---

[5] In support of its motion to dismiss, Ameriquest submitted a document purporting to be an "Assignment of Mortgage" between CitiResidential Lending, Inc. and Deutsche Bank, dated March 5, 2009. (<u>See</u> Exhibit Six to Ameriquest's Motion to Dismiss, ECF No. 5-8.)

11

affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. See In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 277 (3d Cir.2004) (citing Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir.2003) ("[L]itigants need not try to plead around defenses")). An exception to this general rule exists "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the complaint . . . ." Schmidt, 770 F.3d at 249. Plaintiff filed the operative Complaint on December 17, 2014. As explained above, Plaintiff's claims for fraud and breach of the covenant of good faith and fair dealing arose no later than July 17, 2003 and therefore expired six years later on July 17, 2009. See N.J.S.A. 2A:14-1. Given New Jersey's two year statute of limitations for negligence, see N.J.S.A. 2A:14-2(a), Plaintiff's negligence claim expired no later than August 8, 2005. Lastly, Plaintiff's slander of title claim expired on October 12, 2010, six years after Ameriquest commenced the foreclosure proceeding on October 12, 2004. Therefore, based solely on the dates alleged in the Complaint, the statute of limitations appears to have run for each of these four claims.

     b) Plaintiff Is Not Entitled To The Discovery Rule Because The Complaint Is Unambiguous As To Plaintiff's Knowledge

In his opposition papers, Plaintiff appears to argue that the above-mentioned claims are not time-barred because he is entitled to the discovery rule. "Plaintiff also disputes the statute [of limitations] contention, as the fraud and other actions by the Defendants were only recently uncovered, therefore the applicable statute of limitations should run from the time the transgressions were discovered, as requested within the Complaint." (Pl.'s Br. in Opp. at 2, ECF No. 13.) Under the discovery rule, a statute of limitations does not begin to accrue until the earlier of the two dates on which a plaintiff knew or should have known of the facts giving rise to the cause of action. See Lopez v. Swyer, 62 N.J. 267, 272, 300 A.2d 563, 565 (1973) ("a cause of

action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim").

While reviewing a motion to dismiss where the plaintiff invokes the discovery rule, the Court may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense. See Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014). In Schmidt, the Third Circuit stated:

> The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct. In order to determine when the statute should begin to run, the finder of fact focuses on whether the plaintiff was reasonably diligent in discovering his injury. Pursuant to application of the discovery rule, the point at which the complaining party should reasonably be aware that he has suffered an injury is a factual issue best determined by the collective judgment, wisdom and experience of jurors. Only where the facts are so clear that reasonable minds *cannot differ* may the commencement of the limitations period be determined as a matter of law.

Id. (internal quotations omitted).

The Third Circuit recently delineated between a complaint that may be dismissed on statute of limitations grounds when the plaintiff argues for the discovery rule and one that cannot. Compare Schmidt, 770 F.3d 241, with Brawner v. Educ. Mgmt. Corp., 513 F. App'x 148 (3d Cir. 2013) (per curiam). In Schmidt, the Court reversed the district court's dismissal of the complaint because "nothing in [the complaint] clearly suggests that [plaintiff] did in fact have knowledge of the full scope of his injury." 770 F.3d at 252. In Brawner, however, the Third Circuit held that "no reasonable factfinder could conclude that [the plaintiff] filed within the limitations period" because the operative complaint showed the plaintiff "knew he was injured and made repeated

13

inquiries of the various defendants." 513 F. App'x at 151 (affirming district court's dismissal of the complaint under Rule 12(b)(6)). Thus, dismissal under 12(b)(6) where the plaintiff asserts the discovery rule is proper only if the complaint makes clear when the plaintiff had knowledge of his injury.

Based on the Complaint, Plaintiff had ample knowledge of Ameriquest's underlying conduct that gave rise to the present causes of action. Plaintiff acknowledges he participated in a foreclosure proceeding in state court on October 12, 2004. (See Compl. ¶ 35.) Plaintiff challenges Ameriquest's standing to "declare a default and . . . right to . . . consummate a foreclosure." (Id.) Furthermore, Plaintiff subsequently instituted two separate bankruptcy proceedings in 2004 and again in 2005 where Ameriquest requested and was granted a stay of those proceedings to pursue foreclosure. See In re Kowalsky, 04-47746 (Bankr. D.N.J. Dec. 1, 2004); In re Kowalsky, 05-26653 (Bankr. D.N.J. May 18, 2005).[6]

Plaintiff would have this Court believe that he only recently discovered Ameriquest's conduct. However, Plaintiff's allegations against Ameriquest include only 1) issuing the Mortgage and Note in 2003, 2) assigning the Note in 2003, and 3) publishing the notice of default in conjunction with the foreclosure proceeding in 2005. All of the conduct Plaintiff alleges against Ameriquest was at the heart of the previous proceedings. Plaintiff has, therefore, effectively pleaded himself out of court as to these four claims.[7] Plaintiff cannot now, ten years later, argue

---

[6] Because this Opinion addresses a motion on the pleadings, the Court takes judicial notice of the bankruptcy proceedings as a matter of public record only as to the existence of the action itself. See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 413 (3d Cir. 1999). The Court does not take notice of the truth of any facts alleged within that proceeding. Id.

[7] Given the difficulty in deciphering the Complaint, the Court notes that any additional factual allegations Plaintiff asserts against Ameriquest are not dispositive in Plaintiff's favor. See Danysh v. Eli Lilly & Co., 461 F. App'x 75, 77 (3d Cir. 2012) (stating that the

14

that he did not know about the issues he essentially already litigated in three separate proceedings. See S. Cross Overseas Agencies, 181 F.3d at 413 (3d Cir. 1999) (dismissing claims on statute of limitations grounds because prior bankruptcy proceedings placed plaintiff on notice as to the alleged fraud). Accordingly, the Court dismisses Plaintiff's only remaining claims against Ameriquest for negligence [Count Four], breach of the covenant of good faith and fair dealing [Count Six], fraud in the concealment [Count Eleven], and slander of title [Count Thirteen] as barred by the applicable statute of limitations.

### C.     Dismissal Of Claims Against Deutsche Bank

The remaining counts consist of Plaintiff's claims against Deutsche Bank for negligence per se [Count Four], breach of the covenant of good faith and fair dealing [Count Six], fraud in the concealment [Count Eleven], and slander of title [Count Thirteen].[8] For the reasons set forth below, the Court dismisses these counts for failure to state a claim pursuant to Rule 12(b)(6).

#### 1.     Plaintiff Fails To State A Claim For Negligence Per Se [Count Four] Against Deutsche Bank

Plaintiff's claim against Deutsche Bank for negligence per se is dismissed because the Complaint does not identify or imply which statute(s) Deutsche Bank violated. Although the pleading requirement for negligence per se claims is not absolute, see Welch v. Loftus, 776 F. Supp. 2d 222, 225–27 (S.D. Miss. 2011) (finding that citation to a specific statute is not required provided the complaint alleges "particular conduct that clearly violates a statute or regulation"), courts in numerous districts have dismissed claims of negligence per se under Rule 12(b)(6) for

---

limitations period is not postponed simply because the injured party does not know every fact necessary to bring the action).

[8] These are the claims that have not been voluntarily withdrawn and have not been dismissed against both parties for the same reason. As discussed supra, the Court dismisses these claims against Ameriquest on statute of limitations grounds.

failure to satisfy the notice pleading requirements of Rule 8 when the complaint fails to identify the statute or regulation which forms the basis of the claim. See, e.g., Deitrick v. Costa, No. 4:06-cv-01556, 2015 WL 1606714, at *9 (M.D. Pa. Apr. 9, 2015); ADT Sec. Servs., Inc. v. Swenson, ex rel. Estate of Lee, 687 F.Supp.2d 884, 892–93 (D. Minn. 2009) (failing to plead violated statute warranted dismissal); Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colorado v. Brown Grp. Retail, Inc., 598 F.Supp.2d 1185, 1194–95 (D. Colo. 2009) (list of many thousands of statutes and regulations did not satisfy notice pleading requirements); Holler v. Cinemark USA, Inc., 185 F. Supp. 2d 1242, 1243–45 (D. Kan. 2002) (dismissing claim for unspecified "local, state, and federal statutes, guidelines and regulations").

Instead of identifying the specific statute(s) Deutsche Bank allegedly violated, or even alleging particular facts that would allow this Court to infer what statues were violated, Plaintiff makes bald legal conclusions that "Defendants' actions and ongoing behavior are and have been in direct violation of federal and state statutes, rules and regulations and accordingly constitute negligence per se." (Compl. ¶ 165.) This amounts to no more than a legal conclusion. Plaintiff neither expressly states the allegedly violated statutes nor asserts any facts that make it clear what statutes may have been violated based on the alleged conduct. The Court finds that Plaintiff's negligence per se claim does not satisfy the notice pleading requirements of Rule 8 and is therefore dismissed.

### 2. Plaintiff Fails To State A Claim For Breach of the Implied Covenant of Good Faith And Fair Dealing [Count Six] Against Deutsche Bank

Plaintiff's claim against Deutsche Bank for breach of the implied covenant of good faith and fair dealing [Count Six] is legally deficient as pleaded in the Complaint and is dismissed. To assert a claim for breach of the implied covenant of good faith and fair dealing, a complaint must establish (1) the existence of a valid contract, see Wanicki v. Bay State Milling Co., No. 11-1792,

2011 WL 6131956, at *4 (D.N.J. Dec. 7, 2011), and (2) the defendant had a "bad motive or intention" and engaged in "conduct that denied the benefit of the bargain originally intended by the parties." Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 225 (2005) (internal citations and quotations omitted).

The basis for Plaintiff's claim for breach of the implied covenant is based on the following allegation: "the commencement of foreclosure proceeding upon the Subject Property without the production of documents demonstrating the lawful rights for the foreclosure constitutes a breach of the covenant." (Compl. ¶ 179.) Notwithstanding the fact that the Complaint is unclear as to what "foreclosure proceedings" and "documents" Plaintiff's references, the Complaint never alleges that a contract ever existed between Plaintiff and Deutsche Bank. Plaintiff readily admits that he entered into the Note and Mortgage with Ameriquest, not Deutsche Bank. (See Compl. ¶¶ 23-25.) This deficiency is fatal to Plaintiff's claim because a valid contract between Plaintiff and Deutsche Bank is a required element. See Iwanicki v. Bay State Milling Co., No. 11-1792, 2011 WL 6131956, at *4 (D.N.J. Dec. 7, 2011); see also Morelli v. Cnty. of Hudson, No. 10-5493, 2011 WL 843952, at *5 (D.N.J. Mar. 7, 2011). The Court, therefore, dismisses Plaintiff's claim for breach of the implied covenant of good faith and fair dealing as to Deutsche Bank.

### 3. Plaintiff Fails To State A Claim For Fraud in the Concealment [Count Eleven] Against Deutsche Bank

Plaintiff's claim for fraud in the concealment against Deutsche Bank is dismissed under Rule 12(b)(6) for failure to state a claim because (1) the Complaint does not satisfy Federal Rule of Civil Procedure Rule 9(b), requiring allegations of fraud to be pled with particularity, and (2) the Complaint does not allege facts sufficient to infer that Deutsche Bank owed a duty of disclosure to Plaintiff, which is a required element of the claim. In the context of a fraud claim, Rule 9(b)

requires a plaintiff to plead the "who, what, when, where, and how" of the conduct giving rise to the claim. See Weske v. Samsung Elec., Am., Inc., 934 F. Supp. 2d 698, 703 (D.N.J. 2013) (dismissing fraudulent concealment claim pursuant to Rule 9(b)). The purpose of Rule 9(b) is "to provide defendants with notice of the precise misconduct that is alleged and to protect defendants' reputations by safeguarding them against spurious allegations of immoral and fraudulent behavior." Naporano Iron & Metal Co. v. Am. Crane Corp., 79 F. Supp. 2d 494, 511 (D.N.J. 2000).

Plaintiff's fraud claim does not satisfy the particularity requirements of Rule 9(b). He does not identify which of the two Defendants failed to disclose information, when the failure to disclose occurred, and which documents contained the alleged omissions. Construing the Complaint as liberally as possible in light of Plaintiff's pro se status, the Court can only infer, at best, that the underlying conduct took place in 2003 and 2004. However, pleading specific dates to establish *when* the allegedly fraudulent acts or omissions took place will not save a fraud claim from dismissal when the Complaint is devoid of the *who*, *what*, *where*, and *how*, as required by Rule 9(b). See Weske, 934 F. Supp. 2d at 703.

In addition to not meeting the particularity requirements of Rule 9(b), Plaintiff's fraudulent concealment claim fails because the Complaint does not set forth allegations sufficient to infer that Deutsche Bank owed Plaintiff a duty of disclosure. Where a fraud claim is based on silence or concealment, New Jersey courts will not apply a duty to disclose unless (1) such disclosure is necessary to make a previous statement true; or (2) the parties share a special relationship. See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1185 (3d Cir. 1993). Courts in this district have previously held that "there can be no fraud . . . if the defendant was under no obligation to disclose the information in the first place." Arcand v. Brother Int. Corp., 673 F. Supp. 2d 282, 297 (D.N.J. 2009); Mickens v. Ford Motor Co., 900 F. Supp. 2d 427, 441 (D.N.J. 2012).

First, Plaintiff does not allege that disclosure would have made a previous statement true as evident from the fact that the Complaint does not reference any previous statements made by Deutsche Bank. Second, the Complaint does not allege that Plaintiff and Deutsche Bank shared a special relationship. The duty to disclose arises only in the context of (1) fiduciary relationships, (2) relationships where one party expressly places trust in the other party, and (3) relationships formed through transactions that inherently require trust and confidence to protect the parties. See Arcand, 673 F. Supp. 2d at 305. As discussed supra, the Complaint does not allege a fiduciary relationship between Plaintiff and Deutsche Bank. The Complaint also does not allege that Plaintiff placed trust in Deutsche Bank. Lastly, the Complaint does not allege that Plaintiff and Deutsche Bank engaged in any transaction with each other. Therefore, the Complaint lacks specific allegations sufficient, taken as true, to establish that Deutsche Bank owed Plaintiff any duty to disclose. Accordingly, the Court dismisses the claim for fraudulent concealment against Deutsche Bank.

### 4. Plaintiff Fails To State A Claim For Slander of Title [Count Thirteen] Against Deutsche Bank

Plaintiff fails to state a claim for slander of title against Deutsche Bank. To state a claim for slander of title under New Jersey law, a plaintiff must allege (1) a communication that falsely casts doubt on the validity of his title (2) reasonably calculated to cause harm that (3) results in damages. Lone v. Brown, 199 N.J. Super. 420, 426, 489 A.2d 1192, 1195-96 (App. Div. 1985).

Here, Plaintiff alleges that "Defendants . . . disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of . . . the Notice of Default, Notice of Trustee's Sale, Trustee's Deed, and the documents evidencing the commencement of judicial foreclosure by a party who does not possess that right." (Compl. ¶ 252.) However, court filings and statements made during the course of a judicial proceeding are privileged from a slander of

title claim. See Lone, 199 N.J. Super. at 426. Moreover, statements by parties and their attorneys are absolutely privileged if they have "some connection or logical relation to the action." Roggio v. McElroy, Deutsch, Mulvaney & Carpenter, 415 F. App'x 432, 433 (3d Cir. 2011). The Complaint leaves no doubt that Plaintiff's allegations regarding the slander of title claim are based entirely on the aforementioned foreclosure action. Therefore, the Court dismisses Plaintiff's slander of title claim asserted against Deutsche Bank.

## IV. CONCLUSION

As explained above, Plaintiff voluntarily withdraws his claims against both Defendants for injunctive relief [Count Two], accounting [Count Five], wrongful foreclosure [Count Eight], violation of RESPA [Count Nine], violation of HOEPA [Count Ten], and intentional infliction of emotional distress [Count Twelve]. The Court dismisses Plaintiff's claims for declaratory judgment [Count One], quiet title [Count Three], and breach of the fiduciary duty [Count Seven] against both Ameriquest and Deutsche Bank on the same grounds. The remaining claims for negligence per se [Count Four], breach of the implied covenant of good faith and fair dealing [Count Six], fraud in the concealment [Eleven], and slander of title [Count Thirteen] are dismissed against Ameriquest and Deutsche bank on separate grounds. Plaintiff will be given thirty (30) days to file an Amended Complaint to cure any pleading deficiencies. For the foregoing reasons, Defendants' Motions to Dismiss are granted. An appropriate Order accompanies this Opinion.

DATED: September 30, 2015

CLAIRE C. CECCHI, U.S.D.J.