NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER KOWALSKY,<br><br>Plaintiff<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Securitized Trust Ameriquest Mortgage Securities Asset-Backed Pass-Through Certificates Series 2003-8; AMERIQUEST MORTGAGE COMPANY, as Servicer; and DOES 1 Through 10, Inclusive,<br><br>Defendants. | Civil Action No.: 14-07856 (CCC)(JBC)<br><br>OPINION |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of Deutsche Bank National Trust Company ("Defendant") to dismiss *pro se* Plaintiff Peter Kowalsky's ("Plaintiff") Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 30). The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons that follow, Defendant's Motion to Dismiss is granted.

II. **BACKGROUND**

Plaintiff commenced this action by filing an initial Complaint on December 17, 2014, asserting thirteen causes of action against Defendant and Ameriquest Mortgage Company ("Ameriquest"). (ECF No. 1). Defendant and Ameriquest filed motions to dismiss on February 27, 2015 and May 14, 2015. (ECF Nos. 5, 12). Mindful that Plaintiff was a *pro se* litigant, the

Court construed Plaintiff's pleadings liberally. Despite a liberal reading of the pleadings, the Court dismissed all causes of action against Defendant and Ameriquest without prejudice on September 30, 2015. (ECF No. 14).

On October 23, 2015, Plaintiff timely filed an Amended Complaint in which he sought to cure the deficiencies of the initial Complaint. (ECF No. 16). The Amended Complaint contained only two causes of action against Defendant and Ameriquest: (1) breach of contract; and (2) fraud in the concealment. (*Id.*). Both Defendant and Ameriquest again filed motions to dismiss on Rule 12(b)(6) grounds. (ECF Nos. 17, 18). As the Amended Complaint alleged nearly identical facts to the initial Complaint and shed no additional light on the specifics of the fraud allegation, the Court again dismissed all causes of action against Defendant and Ameriquest without prejudice on July 28, 2016. (ECF No. 26).

On August 10, 2016, Plaintiff filed the SAC, containing one cause of action for fraudulent concealment. (ECF No. 28). It appears to the Court that the vast majority of the facts contained within the SAC, which arise out of a residential mortgage loan and note, are substantially similar to the facts alleged in both the initial Complaint and Amended Complaint, and as such, the Court incorporates by reference the facts as presented in its prior Opinion and Orders. (ECF Nos. 14, 15, 26).

On August 31, 2016, Defendant moved to dismiss the SAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1] (ECF No. 30). On September 13, 2016, Plaintiff opposed the motion. (ECF No. 32). On September 19, 2016, the Court referred the action to mediation. (ECF No. 33). Mediation proved unsuccessful, and Defendant's motion, (ECF No. 30), was reinstated. On

---

[1] Ameriquest also moved to dismiss the SAC, but was dismissed with prejudice from the case by stipulation and order, (ECF No. 35), and thus, its motion is not before the Court.

January 10, 2017, Defendant filed a reply brief in support of its motion to dismiss. (ECF No. 37).

### III. LEGAL STANDARD

#### A. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

#### B. Liberal Pleading Standard for *Pro Se* Litigants

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013); *see also Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines*, 404 U.S. at 520-21); *see also Bacon v. Minner*, 229 F. App'x 96, 100 (3d Cir. 2007).

## IV. DISCUSSION

### A. Spoliation Claim

In the SAC, Plaintiff appears to allege fraudulent concealment based upon spoliation such that the Court may apply Fed. R. Civ. P. 9 "with flexibility." (ECF No. 28 at 6). To establish a fraudulent concealment claim based on spoliation of evidence:

> A plaintiff must establish five elements: (1) The defendant had a legal obligation to disclose evidence in connection with an existing or pending litigation; (2) the evidence was material to the litigation; (3) the plaintiff could not reasonably have obtained access to the evidence from another source; (4) the defendant intentionally withheld, altered, or destroyed the evidence with purpose to disrupt the litigation; and (5) the plaintiff was damaged in the underlying action by having to rely on an evidential record that did not contain the evidence defendant concealed.

*Williams v. BASF Catalysts LLC*, 765 F.3d 306, 320-21 (3d Cir. 2014) (citing *Rosenblit v. Zimmerman*, 166 N.J. 391, 406-07 (2001)).

The Court previously dismissed Plaintiff's fraudulent concealment claim for failure to meet the heightened pleading requirement of Rule 9(b). (ECF Nos. 14 at 17-18, 26 at 3). The Court determined that Plaintiff failed to plead the "who, what, when, where, and how" of the alleged fraudulent activity, as required by Rule 9(b), in both his Complaint and Amended Complaint. *See id.*; *see also Weske v. Samsung Elec., Am., Inc.*, 934 F. Supp. 2d 698, 703 (D.N.J. 2013) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The Court further determined that Plaintiff failed to allege facts sufficient to infer that Defendant owed Plaintiff a duty of disclosure. (ECF No. 14 at 18). Plaintiff's SAC similarly fails to allege such facts. Moreover, the evidence allegedly subject to spoliation, namely the Note, Mortgage, and chain of title, was provided by Defendant and is part of the public record. (ECF Nos. 5-3, 5-8, 17-2, 18-2, 28 at 7). As such, Plaintiff has failed to articulate any facts entitling him to relief for fraudulent concealment based upon spoliation, and the Court will dismiss Plaintiff's

4

claim.

## B. Consumer Fraud Claim

Plaintiff further appears to allege fraudulent concealment based upon a consumer fraud claim under N.J.S. 56:8-2, the New Jersey Consumer Fraud Act ("NJCFA"). To state a claim under the NJCFA, "a plaintiff must allege . . . : (1) unlawful conduct by the defendant[]; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant['s] unlawful conduct and the plaintiff's ascertainable loss." *N.J. Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 12-13 (App. Div. 2003). Complaints under the NJCFA "alleging fraud [must] set forth the 'particulars of the wrong, with dates and items if necessary . . . .'" *See Hoffman v. Hampshire Labs, Inc.*, 405 N.J. Super. 105, 112 (App. Div. 2009) ("Because a claim under the CFA is essentially a fraud claim, the rule requires that such claims be pled with specificity to the extent practicable."). It is unclear from the SAC if the basis for Plaintiff's NJCFA claim is the alleged spoliation or some other fraudulent failure to disclose. To the extent that Plaintiff's NJCFA claim is based on the alleged spoliation, the Court will dismiss Plaintiff's claim for the aforementioned reasons. To the extent that there is an alternate basis for Plaintiff's NJCFA claim, Plaintiff fails to allege any alternatives or any other unlawful conduct. As such, Plaintiff has failed to articulate any facts entitling him to relief for fraudulent concealment based upon the NJCFA, and the Court will dismiss Plaintiff's claim.

## C. Remaining Claims

Plaintiff's remaining allegations of fraudulent concealment appear to focus on facts repeated from the Amended Complaint regarding the assignment of the mortgage and "robo-signers." (ECF No. 28 at 9-10). As aforementioned, the Court previously dismissed Plaintiff's claim for failure to meet the heightened pleading requirement of Rule 9(b). (ECF Nos. 14 at 17-18, 26 at 3). Plaintiff's SAC similarly fails to meet those requirements. As such, Plaintiff has

5

failed to articulate any facts entitling him to relief for fraudulent concealment based upon the assignment and "robo-signers," and the Court will dismiss Plaintiff's claim.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. To the extent Plaintiff can cure the pleading deficiencies by way of amendment, he may file a third amended complaint within thirty (30) days of the date of this Opinion. Plaintiff is reminded, pursuant to the stipulation and order dismissing with prejudice all claims against Ameriquest, (ECF No. 35), that any future pleading by Plaintiff shall not include Ameriquest as a defendant. An appropriate Order follows this Opinion.

DATED: October 25, 2017

CLAIRE C. CECCHI, U.S.D.J.